# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>　　v.<br><br>TIM CRAWFORD,<br>　　　　Defendant. | Case No. CR 18-305-RBL<br><br>DETENTION ORDER |

THE COURT, having conducted a detention hearing pursuant to 18 U.S.C. Sect. 3142, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community.

This finding is based on 1) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence or involves a narcotic drug; 2) the weight of the evidence against the person; 3) the history and characteristics of the person including those set forth in 18 U.S.C. Sect. 3142(g)(3)(A)(B); and 4) the nature and seriousness of the danger release would impose to any person or the community.

*Findings of Fact/ Statement of Reasons for Detention*

**Presumptive Reasons/Unrebutted:**
( )　Conviction of a Federal offense involving a crime of violence. 18 U.S.C. Sect. 3142(f)(A)
( )　Potential maximum sentence of life imprisonment or death. 18 U.S.C. Sect. 3142(f)(B)
( X )　Potential maximum sentence of 10+ years as prescribed in the Controlled Substances Act (21 U.S.C. Sect. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. Sect. 951 et seq.) Or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.)
( )　Convictions of two or more offenses described in subparagraphs (A) through (C) of 18 U.S.C. Sect. 3142(f)(1) of two or more State or local offenses that would have been offenses described in said subparagraphs if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses.

**Safety Reasons:**
( X )　Danger of instant offense and sophistication of the defendant's specific role in the illegal enterprise.

**Flight Risk/Appearance Reasons:**
( X )　Proposed residential placement address is a place where defendant had contact with other alleged participants in illegal drug distribution.
( X )　Defendant's criminal history includes numerous failures to appear and bench warrants from other Courts

The defendant has produced information but it was of little weight; the Court finds the defense did not meet the burden of production. Defendant has ties to the community, and has a positive relationship with his family; he lived in a residence where his ex-wife also resided. Although he ostensibly operated a landscaping business, the number of contacts (through Facebook, and from alleged drug couriers coming to the defendant's home) during 2017 and 2018 between the defendant and individuals who have been charged as allegedly participating in drug distribution would show that the defendant also made a business of his drug-related activities. The defendant has an extensive history of drug abuse, and has been in treatment. The defendant has not produced sufficient information to counter-balance the risk of flight or the risk of danger to others and danger to the community.

The United States met its burden of persuasion to show that:
By clear and convincing evidence, the defendant poses a risk to others and to the community. The defendant has a long criminal history, including a hit and run accident that occurred in 2004 for which he was sentenced to 60 months in prison; and a 2018 conviction for driving under the influence. According to the pretrial services first supplemental report, the defendant was using heroin while driving and that was the basis for the 2004 hit and run conviction – the victim in that case was severely injured. The defendant currently has a bench warrant for the 2018 DUI conviction, and he failed to obey a court order regarding electronic home monitoring.
The Court is convinced there is no condition, nor a combination of conditions, sufficient to assure that the

**defendant would appear for court as required, or that the defendant would not pose a serious risk of danger to others and to the community.**

*Order of Detention*

- **The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.**
- **The defendant shall be afforded reasonable opportunity for private consultation with counsel.**
- **The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.**

**December 14, 2018**

Theresa L. Fricke
United States Magistrate Judge