UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>          v.<br><br>TIM CRAWFORD,<br><br>                              Defendant. | CASE NO. CR18-305 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Tim Crawford's motion for compassionate release. Dkt. 38. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Crawford was indicted for Distribution of a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and b(1)(C) and 18 U.S.C. § 2, and Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and b(1)(B) and 18 U.S.C. § 2. Dkt. 12. On March 12, 2019, Crawford pled guilty to Possession with Intent to Distribute. Dkts. 28, 29. On June 7, 2019, the Honorable Ronald Leighton

sentenced Crawford to 60 months imprisonment—the mandatory minimum sentence for the offense.[1] Dkts. 35, 36. Crawford is currently housed at the Federal Correctional Institution in Sheridan, Oregon ("FCI Sheridan") and is scheduled to be released on March 11, 2022.

On January 11, 2021, Crawford filed the instant motion for compassionate release. Dkt. 38. On January 25, 2021, the Government responded, Dkt. 44, and filed a motion for leave to file overlength response, Dkt. 43, and a motion to seal, Dkt. 45. On January 26, 2021, Crawford replied, Dkt. 47, and filed a notice of joinder to the Government's motion for leave to file overlength briefing, Dkt. 48.

## II.   DISCUSSION

### A.   Motion for Leave and Motion to Seal

Regarding the motion to seal, the Government asserts that the exhibits it submitted in support of its response contain Crawford's personal information and should remain under seal. Dkt. 45. The Court agrees that this information remains confidential and therefore grants the motion. The Court also grants the unopposed motions to file briefing in excess of the twelve-page limitation imposed by Local Criminal Rule 12(b)(5) of the Rules of the United States District Court for the Western District of Washington, Dkts. 43, 48.

---

[1] This case was reassigned to this Court on January 13, 2021 following Judge Leighton's retirement from the federal bench. Dkt. 41.

**B.     Motion for Compassionate Release**

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended § 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;
> ***
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the Bureau of Prison's ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the

requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id*.

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A)(i) provides, in relevant part:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> ***
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

United States Sentencing Guidelines ("USSG") § 1B1.13. However, circuits across the country have held that § 1B1.13 is inapplicable to defendant-initiated motions for compassionate release. *See, e.g.*, *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) ("We now join the majority of district courts and the Second Circuit in holding that the passage of the First Step Act rendered USSG § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release." (internal citation omitted)). Rather, USSG § 1B1.13 is helpful guidance to the Court when exercising its discretion.

Therefore, on a defendant-initiated motion under the First Step Act, the defendant must show that they have extraordinary and compelling reasons to warrant their release, and the Court must consider the sentencing factors under 18 U.S.C. § 3553(a).

1    **1.  Extraordinary and Compelling Reasons**

2        Recently, Judge Thomas S. Zilly has provided a non-exhaustive list of factors

3    federal courts have considered in determining whether a defendant has extraordinary and

4    compelling reasons for compassionate release in the context of COVID-19:

> (i) whether the inmate is at higher risk because of his or her age and/or race,
> *see United States v. Young*, No. CR19-5055 BHS, 2020 WL 2614745, at *3
> (W.D. Wash. May 22, 2020); (ii) whether the inmate has one or more,
> medically-documented, chronic health conditions that render him or her
> more vulnerable to COVID-19, *see United States v. Locke*, No. CR18-0132
> RAJ, 2020 WL 3101016, at *4 (W.D. Wash. June 11, 2020) (observing that
> the movant's health issues were "not merely self-diagnosed," but rather
> "medically documented and verified"); *United States v. Rodriguez*, No.
> 2:03-cr-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020)
> (inmate with type 2 diabetes, obesity, hypertension, and liver abnormalities
> was in a "higher risk category"); (iii) the fatality rate for individuals with
> similar health conditions as compared with the overall fatality rate for
> COVID-19, *see id.* (summarizing COVID-19 fatality rates); *United States
> v. Pippin*, No. 16-0266, 2020 WL 2602140, at *1 (W.D. Wash. May 20,
> 2020) (granting a motion brought by a defendant suffering from
> pancytopenia, which is associated with an "over fivefold enhanced risk of
> severe COVID-19"); (iv) whether the inmate has previously tested positive
> for the coronavirus that causes COVID-19 and, if so, whether the inmate
> suffers from any long-term effects of the disease*, see United States v.
> Reynolds*, No. 2:18-cr-00131-RAJ, 2020 WL 3266532, at *3–4 (W.D.
> Wash. June 17, 2020) (denying a motion for compassionate release brought
> by an inmate who recovered from and was "not suffering from any reported
> lingering symptoms" related to COVID-19); and (v) whether the inmate's
> release is expected to reduce the risk of him or her contracting COVID-19,
> see *United States v. Sandoval*, No. CR14-5105RBL, 2020 WL 3077152, at
> *5 (W.D. Wash. June 10, 2020) (declining to release a defendant to a
> situation that "would likely place him at greater risk").

*United States v. Grubbs*, No. CR16-228 TSZ, 2020 WL 3839619, at *2 (W.D. Wash. July

8, 2020).

        The Court finds these factors useful, instructive, and consistent with the analysis

of extraordinary and compelling reasons the Court has engaged in with recent COVID-19

cases. *See, e.g.*, *Young*, 2020 WL 2614745 at *3 (a 64-year-old African American defendant who suffers from hypertension and chronic kidney disease presented extraordinary and compelling reasons); *United States v. Lint*, No. CR18-5152 BHS, 2020 WL 4698815, at *2 (W.D. Wash. Aug. 13, 2020) (a defendant housed at a federal correctional institution that had only two inmates infected with COVID-19 did not present an extraordinary and compelling reason); *United States v. Gray*, No. CR16-5600 BHS, 2020 WL 5759792, at *2–3 (W.D. Wash. Sept. 28, 2020) (a relatively young female defendant with a Body Mass Index of 32.1, while obese, did not present sufficient evidence of extraordinary and compelling reasons without additional evidence of other risk factors). The Court has discretion to consider the factors provided by Judge Zilly in determining whether Crawford has extraordinary and compelling reasons.[2]

Here, Crawford asserts that he suffers from chronic medical conditions that increase his vulnerability to severe illness from COVID-19: he suffers from congestive heart failure, chronic obstructive pulmonary disease ("COPD"), and high blood pressure and has a Body Mass Index ("BMI") of 33.3. The CDC recognizes that obesity, i.e.,

---

[2] In the application of USSG § 1B1.13, the Commission has described three categories of potentially "extraordinary and compelling reasons," namely medical condition, age, and family circumstances, *see* USSG § 1.B1.13 cmt. n.1(A)–(C), as well as a "catch-all" provision, *id.* cmt. n.1(D), which "opens the door" to considering factors other than those specifically enumerated, *United States v. McPherson*, 454 F. Supp. 3d. 1049 (W.D. Wash. 2020). However, USSG § 1B1.13 has not been updated since the passage of the First Step Act of 2018, and district courts have largely found that the Commission's list of extraordinary and compelling reasons is not binding, but rather helpful guidance. *See United States v. Almontes*, No. 3:05-cr-58 (SRU), 2020 WL 1812713, at *3 (Apr. 9, 2020 D. Conn.) (providing a list of cases from around the country addressing whether the Commission's list is binding). The Court therefore concludes that, given the "catch-all" provision and the non-binding status of the comments to USSG § 1B1.13, it has discretion to construe the meaning of extraordinary and compelling reasons. *See Grubbs*, 2020 WL 3839619, at *2 n.2.

having a BMI between 30 and 40, heart failure, and COPD increase the risk of severe

illness from COVID-19 and that high blood pressure may increase the risk.[3] Additionally,

Crawford is 62 years old. The CDC recognizes that severe illness from COVID-19

increases with age but makes clear that people in their 60s have a lower risk for severe

infection than individuals in their 70s or 80s.[4]

The Court concludes that Crawford has established extraordinary and compelling

reasons to warrant his release. The Government concedes that Crawford suffers from

several medical conditions that place him at an increased risk of severe illness. The more

underlying medical conditions a person has, the greater their risk for severe illness.

Crawford's risk for severe infection is among the greatest the Court has seen thus far.

Even though FCI Sheridan only has seven active cases of COVID-19 and has seen a

decline in case numbers,[5] the Court still finds that Crawford has established extraordinary

and compelling reasons. The Court recently denied in part two motions for

reconsideration on compassionate release for inmates also housed at FCI Sheridan, but

the factual circumstances can be distinguished. The Court denied one of the motions

---

[3] Center for Disease Control and Prevention, *People with Certain Medical Conditions,*
https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-
conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-
ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Feb. 1, 2021).

[4] Center for Disease Control and Prevention, *Older Adults*,
https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last
updated Dec. 13, 2020). According to the CDC, 8 out of 10 COVID-19 deaths in the United
States have been adults aged 65 years and older.

[5] Federal Bureau of Prisons, *COVID-19 Update*, https://www.bop.gov/coronavirus/ (las
accessed Feb. 3, 2021).

because the defendant had only one chronic medical condition and the case numbers at FCI Sheridan were low. *United States v. Prescott*, CR14-5226-BHS-1, Dkt. 88 at 4–5. The Court denied the other motion for similar reasons and because the defendant did not have an approved release plan. *Lint*, Dkt. 74 at 6–8. Here, Crawford has three chronic conditions that place him at increased risk, and he is in the older "at-risk" category. FCI Sheridan does have lower case numbers than it did at the beginning of the year, but Crawford remains at an extremely high risk of severe infection.

Therefore, the combination of Crawford's recognized, underlying medical conditions and his age establishes extraordinary and compelling reason to warrant compassionate release.

## 2.  18 U.S.C. § 3553(a) Factors

Having found that extraordinary and compelling reasons have been established, the Court must still consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). The relevant factors include (i) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (ii) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to adequately deter criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (iv) the

1  sentencing guidelines; and (iv) "the need to provide restitution to any victims of the

2  offense." 18 U.S.C. § 3553(a).

3      The Court applies the § 3553(a) factors in considering a defendant's sentence, and

4  the Court's consideration of these factors has changed little since Crawford's sentencing.

5  However, the lock-down measures prisons across the country like FCI Sheridan have

6  undergone over nearly the past year to mitigate the spread of the pandemic have made

7  confinement much more punitive than was contemplated at sentencing. All visitations

8  have been suspended at FCI Sheridan,[6] and BOP programs have stopped, except for those

9  required by law.[7] This factor has much greater weight when balancing it with the other

10  factors. Additionally, Crawford has taken significant steps towards sobriety, voluntarily

11  seeking out treatment and completing the Residential Drug Abuse Treatment Program.

12  Such actions lessen the Court's concerns for public safety. After considering all the

13  factors, including the need for just punishment having been reasonably satisfied

14  considering the relatively short remaining time on his sentence, the Court concludes that

15  Crawford has established an entitlement to warrant a reduction of his sentence from

16  imprisonment at FCI Sheridan.

17      Pursuant to 18 U.S.C. 3582(c)(1)(A), if the Court determines that a reduction in

18  sentence is appropriate, the Court may "impose a term of . . . supervised release with or

19

20
_____

21      [6] Federal Bureau of Prisons, *FCI Sheridan*,
https://www.bop.gov/locations/institutions/she/ (last accessed Feb. 3, 2021).

22      [7] Federal Bureau of Prisons, *BOP Modified Operations*,
https://www.bop.gov/coronavirus/covid19_status.jsp (last updated Nov. 25, 2020).

ORDER - 9

without conditions that does not exceed the unserved portion of the original term of imprisonment." Pursuant to this authority, the Court reduces the defendant's term of imprisonment to time served, and imposes a new, additional term of supervised release to run through the unserved portion of defendant's original term of imprisonment, from the date of his release to until his current calculated release date of March 11, 2022.

## III.  ORDER

Therefore, it is hereby **ORDERED** that the Government's and Crawford's motions for leave to file overlength briefing, Dkts. 43, 48, and the Government's motion to seal, Dkt. 45, are **GRANTED**. It is hereby further **ORDERED** that Crawford's motion for compassionate release, Dkt. 38, is **GRANTED** as follows:

1) Crawford's term of imprisonment imposed is reduced to time served;

2) Crawford shall be released from the custody of the BOP fourteen days after the entry of this Order to his approved release address in the Western District of Washington;

3) Crawford shall participate in the location monitoring program with Global Positioning Satellite technology via mobile application for the remainder of his unserved sentence. The defendant is restricted to his residence at all times except for employment, religious services, medical, legal reasons, or as otherwise approved by the location monitoring specialist. The defendant shall abide by all program requirements, and must contribute towards the costs of the services, to the extent financially able, as determined by the location monitoring specialist;

4)  Crawford shall comply with all the other terms and conditions of supervised release set out in the original sentence and judgment dated June 7, 2019, Dkt. 36; and

5)  Crawford shall contact the United States Probation Office in Seattle and/or Oregon within 24 hours of his release and follow its instructions.

Dated this 5th day of February, 2021.


BENJAMIN H. SETTLE
United States District Judge